**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                                    **CRIMINAL ACTION NO. 1:04CR092-P-D**

**KENNETH WEBB,**                                                                       **DEFENDANT.**

## ORDER

This matter comes before the court upon the Government's Motion in Limine [48-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In the instant motion, the Government moves the court to exclude as irrelevant any mention at trial of (1) the defendant's father's bankruptcy; (2) Tupelo Auto Center's bankruptcy; (3) the corporate structure of Tupelo Auto Center; and (4) the manner in which Bancorp South sold his father's property pledged as collateral.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

Pursuant to *United States v. Aubin*, 87 F.3d 141, 148 (5th Cir. 1996) the defendant may present a defense of good faith to a charge of fraud. However, as stated in *Aubin*, knowledge by the bank of the defendant's allegedly fraudulent conduct – the knowledge in and of itself and unrelated to the defendant's perspective – is not a defense to fraud. *Id*. at 146. The trouble with the bankruptcy and forfeiture evidence at issue is that on one hand, it speaks to the defendant's

1

defense of good faith (*i.e.*, his own perspective of whether he believed he was behaving legally), while on the other hand, the same evidence appears to also suggest that the bank's alleged knowledge or acquiescence of the subject behavior is by itself a defense to the charges of fraud. The former is valid while the latter is not. Given the circular nature of the question, the court concludes that evidence of the bankruptcies and the manner in which Bancorp South sold his father's property pledged as collateral is relevant and should not be excluded. It is up to the parties to argue the contours of the relevancy of the evidence to the jury.

As to the corporate structure of Tupelo Auto Center, however, the court concludes that whether "Defendant understood that if he were doing something allegedly illegal then someone would have put him on notice" at Tupelo Auto Center is irrelevant with regard to the defendant's good faith defense. The alleged illegality of the subject behavior – *i.e.*, using car titles as collateral for bank loans when the defendant knew he had already sold the vehicle in question – does not depend upon officers of Tupelo Auto Center telling the defendant that the behavior was illegal. In any event, the defendant has cited no authority for the proposition that officers of Tupelo Auto Center had the duty to tell the defendant whether his actions were or were not legal.

Thus, the defendant may not offer evidence of Tupelo Auto Center's corporate structure to support his good faith defense. However, evidence of Tupelo Auto Center's corporate structure for other purposes may be considered if deemed relevant at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that he Government's Motion in Limine [48-1] is **DENIED IN PART AND GRANTED IN PART** as explained above.

**SO ORDERED** this the 24th day of January, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE